**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JOHN ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:08-CV-30 CAS |
| | ) |
| AMES TRUE TEMPER, INC., | ) |
| DEE LOFLIN and CARL WALKER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following removal and on defendants Dee Loflin and Carl Walker's motion to dismiss.[1] This action was removed to the United States District Court for the Eastern District of Missouri from the Circuit Court of Stoddard County, Missouri on February 19, 2008, on the basis of diversity of citizenship, 28 U.S.C. § 1332(a). The case was transferred to the Southeastern Division by Order dated March 4, 2008, as the case was removed to the wrong division of this Court. The pro se plaintiff, John Anderson, has not responded to the motion to dismiss and the time to do so has passed. For the following reasons, the motion to dismiss should be denied and this case remanded to state court for lack of subject matter jurisdiction.

**Discussion**.

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction

---

[1]The defendants' motion to dismiss was combined with their Notice of Removal. This was procedurally incorrect. Defendants should have filed a separate motion to dismiss, along with a memorandum of law in support of the motion to dismiss. See Local Rule 4.01(A).

of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

In removal cases, the district court reviews the complaint or petition pending at the time of removal, and not subsequent complaints or petitions, to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938); see Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The district court may also look to the notice of removal to determine its jurisdiction. See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The defendants, as the parties invoking jurisdiction, bear the burden of proving that all prerequisites to jurisdiction are satisfied. See In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

**A. Diversity of Citizenship - Motion to Dismiss**

With respect to the parties' places of citizenship, plaintiff alleges in his petition that he is a "resident of New Madrid, Missouri," and that Ames True Temper, Inc. ("Ames") "is a foreign corporation doing business in" Stoddard County, Missouri, which "kept and maintained an agent for the transaction of its usual and customary business in Bernie, Missouri." Pet. at 2, ¶¶ 1, 2. Plaintiff asserts that defendants Dee Loflin and Carl Walker are residents of Missouri. Id., ¶¶ 3-4. Plaintiff alleges that defendant Loflin "is an employer within the meaning of the MHRA, in that defendant Loflin acted in the direct interest of an employer as a Human Resources Representative for defendant Ames and was involved in the adverse employment action taken against plaintiff[.]" Id., ¶ 8. Plaintiff alleges that defendant Walker "is an employer within the meaning of the MHRA, in that defendant

2

Walker acted in the direct interest of an employer as a supervisor or manager for defendant Ames and was involved in the adverse employment action taken again plaintiff[.]" Id. at 2-3, ¶ 9.

The removal notice states in part that Ames is a Delaware corporation with its principal place of business located in Pennsylvania, and that plaintiff and defendants Loflin and Walker are citizens of Missouri. In the combined removal notice and motion to dismiss, the defendants assert that the citizenship of Loflin and Walker should be ignored on removal, as they have been fraudulently joined in this action to defeat removal. The defendants assert that Loflin and Walker are not proper parties in interest because plaintiff's claims are asserted under the Missouri Human Rights Act ("MHRA") and that individual liability does not exist under the MHRA. In support of this argument, defendants cite Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377, 371 (8th Cir. 1995), and a number of decisions from the United States District Court for the Western District of Missouri, all of which were decided in 2006 or earlier.

When a court is assessing whether diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined. Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983); 28 U.S.C. § 1441(b). When a party seeking removal alleges fraudulent joinder, the removing party bears the bears the burden of proving the alleged fraud. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003). "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the nondiverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977.) "However, if there is a 'colorable' cause

3

of action-that is, if the state law *might* impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder." Filla, 336 F.3d at 810. "[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Filla, 336 F.3d at 811. "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id. In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 113 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991); see Filla, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").

The Missouri Court of Appeals has held that the definition of "employer" under the MHRA imposes individual liability in the event of discriminatory conduct. See Brady v. Curators of University of Missouri, 213 S.W.3d 101, 112-13 (Mo. Ct. App. 2006); Cooper v. Albacore Holdings, Inc., 204 S.W.3d 238, 244 (Mo. Ct. App. 2006). Federal district courts, including this Court, have deferred to these rulings and held that a plaintiff is not barred from bringing an MHRA claim against a defendant merely because the defendant is an individual. See, e.g., Giandinoto v. Chemir Analytical Servs., Inc., 2007 WL 4378776, *4 (E.D. Mo. Dec. 13, 2007) (denying supervisors' motion to dismiss plaintiff's MHRA claims against them); Gronefeld v. City of Normandy, 2007 WL 1452242, *10 (E.D. Mo. May 15, 2007) (police officer could sue her supervising sergeants under the MHRA); Henry v. Pemiscot Memorial Health Sys., 2007 WL 1847186 (E.D. Mo. June 25, 2007) (recognizing Cooper but holding that a defendant must have been a supervisor or manager to be liable as an individual under the MHRA); Rose v. Wooten, 2006 WL 3511507, *1 (W.D. Mo. Dec. 5, 2006)

4

(citing Cooper in denying three individual defendants' motions to dismiss MHRA claims based on Lenhardt). In the removal context, see Barnes v. Dolgencorp., Inc., 2006 WL 2664443, *2 (W.D. Mo. Sept. 14, 2006) (remanding removed case where the plaintiff sued a corporation and two individual defendants, and the corporate defendant contended the individuals were fraudulently joined for the purpose of destroying diversity, on the basis that "Missouri courts might conclude the MHRA imposes liability on individuals, so the individual defendants have not been fraudulently joined.")

Thus, the Eighth Circuit's decision in Lenhardt v. Basic Institute of Technology, 55 F.3d 377, 381 (8th Cir. 1995), which holds that the MHRA does not impose liability on individual employees and on which defendants rely, is no longer being followed on this issue, although the Eighth Circuit has not re-addressed the issue since the Cooper decision was issued.

As a result of the foregoing, Missouri courts might impose liability on the resident individual defendants, so the individual defendants have not been fraudulently joined in this action. The Court therefore lacks subject matter jurisdiction because complete diversity of citizenship does not exist, see 28 U.S.C. § 1332(a), and must remand this matter to state court.

**B. Disclosure of Relevant Adverse Authority**

It is very troubling that the defendants did not call the Court's attention to more recent cases which, as discussed above, hold that the MHRA does impose individual liability on individuals, and/or which have refused to follow Lenhardt in this context. "A lawyer who fails to state the law accurately to the court has failed at the very essence of lawyering." Judith D. Fischer, The Role of Ethics in Legal Writing, 9 Scribes J. of Legal Writing 77, 80 (2003-04). Rules of ethics require a lawyer to accurately represent the law to a court. Missouri Rule of Professional Conduct 4-3.3(a)(3) requires that a "lawyer shall not knowingly: (3) fail to disclose to the tribunal legal authority in the controlling

jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel[.]" "[W]hen a lawyer errs by failing to cite relevant adverse authority, a court must spend valuable time and effort to perform its own analysis and may miss the chance to evaluate another court's reasoning and thus formulate a consistent decision." Fischer, supra at 77.

Even assuming that defendants' failure to bring relevant adverse authority to the Court's attention was the result of inadequate research as opposed to bad faith, counsel should strive to avoid the repeat of such conduct in the future. See Rule 4-3.3(a)(3), Rules of Professional Conduct; see also Rule 11(b)(2), Federal Rules of Civil Procedure:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,--the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

Rule 11(b)(2), Fed. R. Civ. P.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of

Stoddard County, Missouri, from which it was removed, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

A separate order of remand will accompany this memorandum and order.

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of March, 2008.